FILED

JAN 1 0 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re )<br>)<br>FRANK WILLIAM RACKLEY and )<br>LISA MICHELLE RACKLEY, )<br>)<br>Debtors. )<br>_____ )<br>)<br>AMERICAN GENERAL )<br>FINANCE, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FRANK WILLIAM RACKLEY and )<br>LISA MICHELLE RACKLEY, )<br>)<br>Defendants. )<br>_____ ) | Case No. 05-24608-D-7<br><br><br><br><br><br>Adv. Pro. No. 05-2269<br><br><br><br><br><br>Trial:<br>DATE: January 4, 2006<br>TIME: 1:00 p.m.<br>DEPT: C |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### I. INTRODUCTION

On September 22, 2005, American General Finance, Inc. (the "Plaintiff") filed a First Amended Complaint Objecting to the Discharge of a Particular Debt ("Complaint"). The Complaint alleges that a certain obligation owed to the Plaintiff by Frank Rackley and Lisa Rackley (the "Defendants") is excepted from discharge under 11 U.S.C. section 523 asserting the obligation was incurred through the Defendants' fraud.

At this court's Status Conference before Judge Klein on November 8, 2005, counsel appeared on behalf of the Plaintiff,



and Lisa Rackley appeared on her own behalf. Lisa Rackley's general denial on the record was deemed to be her answer to the Complaint. At the Status Conference, a discovery schedule was set, and the matter was set for trial.

Trial was conducted on January 4, 2006. At trial, the court heard the testimony of the witnesses and the argument of the parties. The court has also reviewed the documentary evidence of record before making the findings of fact and conclusions of law set forth below.

## II. JURISDICTION

Jurisdiction exists under 28 U.S.C. section 1334. Venue is proper under 28 U.S.C. section 1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. section 157(a) and the United States District Court, Eastern District of California General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. section 157(b)(2)(I).

## III. PARTIES

Justin Allen and Steven Marles appeared for the Plaintiff. Lisa Rackley appeared on her own behalf and on behalf of her husband, Frank Rackley.

## IV. FINDINGS OF FACT

1. Jackie Williams testified at trial on behalf of the Plaintiff. The court finds that while Mrs. Williams testimony was credible, that a substantial portion of her testimony was not based on personal knowledge.

///
///

2. Lisa Rackley testified at trial. The court finds that Ms. Rackley's testimony was credible, her recall was good and based on personal knowledge.

3. In or about December 2004, the Plaintiff loaned money to the Defendants to enable the Defendants to purchase certain furniture from the Furniture Center in North Highlands, California.

4. At the time the Defendants incurred the obligation to the Plaintiff, Lisa Rackley was employed at Ken & John's Auto and she had been so employed for 12 years.

5. At the time the Defendants incurred the obligation to the Plaintiff, Frank Rackley was employed at Estates Services.

6. In or about January 2005, Lisa Rackley lost her job at Ken & John's Auto.

7. Lisa Rackley's compensation from her employment was a substantial portion of the Defendants' family income. The loss of Lisa Rackley's employment was the primary cause for the Defendants' failure to repay the obligation owed to the Plaintiff.

8. As of April 20, 2005, the Defendants had not repaid any part of the amount owed to the Plaintiff.

9. On April 20, 2005, the Plaintiffs filed a joint voluntary petition for relief under chapter 7 of Title 11 of the United States Code.

10. At the time the Defendants incurred their obligation to the Plaintiff, they intended to repay the obligation, and therefore they made no material misrepresentation to the

/ / /

Plaintiff in the process of incurring the obligation to the Plaintiff.

### V. CONCLUSIONS OF LAW

1. The Plaintiff, as the party seeking relief in this adversary proceeding, bears the burden of proof and persuasion.

2. To prevail in a proceeding under section 523 for general fraud, the creditor must by a preponderance of the evidence demonstrate all of the following five elements: (a) misrepresentation, fraudulent omission, or deceptive conduct by the debtor; (b) knowledge of the falsity or deceptiveness of his or her statement or conduct; (c) an intent to deceive; (d) justifiable reliance by the creditor on the debtor's statement or conduct; and (e) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct. In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000) (citations omitted).

3. In this case, the record does not contain convincing evidence that there was by either of the Defendants a misrepresentation, fraudulent omission, or deceptive conduct by the debtor; or of an intent to deceive by either of the Defendants.

### VI. CONCLUSION

In light of the foregoing, the court will enter judgment in favor of the Defendants, and the Plaintiff shall take nothing by way of its complaint.

Dated: JAN 10 2006

ROBERT S. BARDWIL
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Steven W. Marles<br>528 E Main St<br>Turlock, CA 95382 | Frank William Rackley<br>6721 ADMIRAL AVE<br>FAIR OAKS, CA 95628 | Lisa Michelle Rackley<br>6721 ADMIRAL AVE<br>FAIR OAKS, CA 95628 |

DATED: 1/11/06

By: _____
                Deputy Clerk

EDC 3-070 (New 4/21/00)